# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELVIN HAYNES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-2948** |
| **REBECCA HART** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by defendants, Stephen O. Scandurro and Souris, LLC (Doc. #30) is **GRANTED**.

**IT IS FURTHER ORDERED** that this entire case is **DISMISSED** for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff, Delvin Haynes,[1] a citizen of Louisiana, filed his complaint against defendant, Rebecca Hart, who is also a citizen of Louisiana. Haynes states that he brings claims of "defamation of character and obstruction of justice/perjury" against Hart alleging that, "[o]n March 24th 2016, the defendant Rebecca Hart filed a false report to New Orleans Police Dept. against the plaintiff Delvin Haynes. She had t[w]o police search my residence without consent." Thereafter, Haynes filed an amended complaint adding 37 defendants "[i]n the complaint of obstruction of justice." There are no facts alleged against any of the defendants named in the amended complaint.

---

[1] Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

Defendants, Stephen O. Scandurro and Souris, LLC, filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure arguing that this court lacks subject matter jurisdiction. Scandurro and Souris also moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Haynes failed to state any claims against them. Defendants, Bayou Title, Inc., Bayou Title, Scott R. Simmons, Tara Shepard, Margo Navarre, Neil Levith, Donna Kraus, Leslie Locklear and Lennie Marie Davidson Locklear filed motions to dismiss pursuant to Rule 12(b)(6) arguing that Haynes failed to state any claims against them.[2] Plaintiff has not filed an opposition to the motions to dismiss.[3]

## ANALYSIS

### I. Rule 12(b)(1)

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's

---

[2] The motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim are rendered moot by the court's finding that it lacks subject matter jurisdiction over this action.

[3] Haynes's opposition memoranda were due on August 23, 2016. On August 26, 2016, a court employee called Haynes on the telephone to inquire as to whether he intended to file such memoranda. He answered the telephone, but did not verbally respond after the court employee identified herself. The court employee re-dialed Haynes's telephone number, he answered, but did not say anything and then hung up the telephone.

resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

## II.   Subject Matter Jurisdiction

Scandurro and Souris argue that Haynes's claims arise under Louisiana state law and this court lacks diversity subject matter jurisdiction because complete diversity is lacking.

Haynes states that he brings claims of defamation and obstruction of justice. Defamation is a tort under Louisiana state law "that involves the invasion of a person's interest in his or her reputation and good name." Trentecosta v. Beck, 703 So.2d 552, 559 (La. 1997). Obstruction of justice is a crime under Louisiana state law codified at La. Rev. Stat. § 14:130.1, and under federal law, 18 U.S.C. § 1501, *et seq*. The federal Racketeering Influenced and Corrupt Organizations Act ("RICO") permits a civil cause of action for which the crime of obstruction of justice can constitute racketeering activity. Snow Ingredients, Inc. v. SnoWizard, Inc., - - - F.3d - - -, 2016 WL 4363181, at *6 (5th Cir. Aug. 15, 2016). To establish a civil-RICO claim, a plaintiff must establish three elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." Id. (citations omitted). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." Id. (quotations omitted).

Haynes's complaint does not set forth any facts to state a civil-RICO claim based on obstruction of justice. The only factual allegation is that Hart made a false police report that resulted in a search of Haynes's home. There are no allegations to establish a pattern of racketeering activity connected to an enterprise. Therefore, Haynes's only stated cause of action is defamation under Louisiana law.

Pursuant to 28 U.S.C. § 1332, a federal court has original subject matter jurisdiction over matters alleging state-law claims in which there is complete diversity between the plaintiffs and defendants, and the amount in controversy exceeds $75,000. Complete diversity means that all persons on one side of the controversy must be citizens of different states than all persons on the other side. McLaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)).

Haynes is a citizen of Louisiana. In his complaint, Haynes states that Hart is a citizen of Louisiana. Further, in their motion to dismiss, Scandurro and Souris establish that they are citizens of Louisiana. Thus, there is no complete diversity, and this court lacks diversity subject matter jurisdiction. Sacandurro and Souris's motion to dismiss pursuant to rule 12(b)(1) for lack of subject matter jurisdiction is GRANTED, and this entire matter is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by defendants, Stephen O. Scandurro and Souris, LLC (Doc. #30) is **GRANTED.**

**IT IS FURTHER ORDERED** that this entire case is **DISMISSED** for lack of subject matter jurisdiction.

New Orleans, Louisiana, this ___7___ day of September, 2016.

MARY ANN VIAL LEMMON
**UNITED STATES DISTRICT JUDGE**

4